IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Mehrdad Shayefar; Gina Shayefar;      Plaintiffs,     vs. Samuel Houpo Kaleleiki, Jr.; Von-Alan Hinano Kaleleiki; Sarah-Therece K. Kaleleiki; John Does 1-50; Jane Does 1-50; Doe Corporations 1-50; Doe Partnerships 1-50; Doe Entities 1-50; Doe Governmental Units 1-50;      Defendants. | Civ. No. 14-00322 HG-KSC |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT WITH PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b) (ECF NO. 15)**

Plaintiffs filed a Complaint alleging that two of the Defendants entered the Plaintiffs' Maui property in December 2013 and have refused to leave. Plaintiffs claim the Defendants have obstructed access to the property and interfered with the water supply. The Complaint alleges that all three Defendants have claimed title to the property without a legal basis. Plaintiffs assert state law claims and seek declaratory and injunctive relief, a writ of possession, and damages.

The Defendants, appearing pro se, filed a motion to dismiss

1

for lack of subject matter jurisdiction and improper venue.  The Defendants also move to dismiss for failure to state a claim upon which relief can be granted.

Defendants' Motion to Dismiss (ECF No. 15) is **DENIED**.

## PROCEDURAL HISTORY

On July 14, 2014, Plaintiffs Mehrdad Shayefar and Gina Shayefar filed a Complaint.  (ECF No. 1).

On August 14, 2014, Defendants Samuel Houpo Kaleleiki, Jr., Von-Alan Hinano Kaleleiki, and Sarah-Therece K. Kaleleiki filed DEFENDANT'S MOTION TO DISMISS THE PLAINTIFFS COMPLAINT WITH PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b).  (ECF No. 15).

On September 3, 2014, Plaintiffs filed PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS SAMUEL HOUPO KALELEIKI, JR., VON-ALAN HINANO KELELEIKI, AND SARAH-THERECE K. KALELEIKI'S MOTION TO DISMISS THE PLAINTIFFS COMPLAINT WITH PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b) FILED ON AUGUST 14, 2014.  (ECF No. 17).

The Defendants did not file a Reply.

On October 6, 2014, a hearing was held on the Defendants' Motion to Dismiss.

## BACKGROUND

Plaintiffs Mehrdad and Gina Shayefar assert that they are citizens of California. (Complaint at ¶ 1, ECF No. 1). The Plaintiffs claim they are the sole owners of an undeveloped lot ("Lot 32") in the Ukumehame agricultural subdivision located in Maui. (<u>Id.</u> at ¶¶ 1, 11-12). The Complaint states that on January 10, 2008, Plaintiffs recorded a warranty deed for Lot 32 with the State of Hawaii Bureau of Conveyances. (<u>Id.</u> at ¶ 11).

The Complaint asserts that all three Defendants, Samuel Houpo Kaleleiki, Jr., Von-Alan Hinano Kaleleiki, and Sarah-Therece K. Kaleleiki, are citizens of Hawaii. (<u>Id.</u> at ¶¶ 3-5). The Complaint alleges that in December 2013, Defendants Samuel Houpo Kaleleiki, Jr. ("Defendant Samuel Kaleleiki, Jr.") and Von-Alan Hinano Kaleleiki ("Defendant Von-Alan Kaleleiki") entered the Ukumehame subdivision and Lot 32 by force. (<u>Id.</u> at ¶¶ 16, 45). The Complaint claims that Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki have obstructed a subdivision road and access to the subdivision's common facilities, including the water supply. (<u>Id.</u> at ¶¶ 18, 24, 26, 30). Plaintiffs allege that Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki remain on their property and have threatened to use force and violence when requested to vacate the property and to remove the obstructions. (<u>Id.</u> at ¶¶ 17, 21, 29, 31).

The Complaint asserts that on February 4, 2014, Defendant

Samuel Kaleleiki, Jr. recorded a quitclaim deed for the property with the State of Hawaii Bureau of Conveyances. (_Id._ at ¶ 34). Plaintiffs allege that the quitclaim deed attempts to convey Defendant Samuel Kaleleiki, Jr.'s "right, title and interest" in the Ukumehame property, including Lot 32, to Defendants Von-Alan Kaleleiki and Sarah-Therece K. Kaleleiki. (_Id._ at ¶ 35). The Complaint asserts that the Defendants have published their alleged claims of title and interest in the Ukumehame property to prospective buyers. (_Id._ at ¶ 80).

## STANDARD OF REVIEW

### Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction. They have no jurisdiction without specific constitutional or statutory authorization. _Exxon Mobil Corp. v. Allapattah Servs., Inc._, 545 U.S. 546, 552 (2005). A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction. _Thompson v. McCombe_, 99 F.3d 352, 353 (9th Cir. 1996).

A challenge to the Court's subject matter jurisdiction may be "facial or factual." _Safe Air for Everyone v. Meyer_, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal

4

jurisdiction.  Id.  A challenge to subject matter jurisdiction is treated as a facial attack when a defendant "introduce[s] no evidence contesting any of the allegations" of the complaint. Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009).

A facial challenge mirrors a traditional motion to dismiss analysis.  The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor."  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.  Id.  The moving party may bring a factual challenge to subject matter jurisdiction by submitting affidavits or any other evidence properly before the Court.  The nonmoving party must then present affidavits or any other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.  Colwell v. Dept' of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009).  The Court "need not presume the truthfulness of the plaintiffs' allegations" when deciding a factual challenge to subject matter jurisdiction.  U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1200 n.2 (9th Cir. 2009).

**Failure to State a Claim**

The Court must dismiss a complaint as a matter of law

pursuant to Federal Rule of Civil Procedure 12(b)(6) where it
fails "to state a claim upon which relief can be granted."  Rule
(8)(a)(2) of the Federal Rules of Civil Procedure requires "a
short and plain statement of the claim showing that the pleader
is entitled to relief."  When considering a Rule 12(b)(6) motion
to dismiss, the Court must presume all allegations of material
fact to be true and draw all reasonable inferences in favor of
the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th
Cir. 1998).

Conclusory allegations of law and unwarranted inferences are
insufficient to defeat a motion to dismiss.  Id. at 699.  The
Court need not accept as true allegations that contradict matters
properly subject to judicial notice or allegations contradicting
the exhibits attached to the complaint.  Sprewell v. Golden State
Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme
Court addressed the pleading standards under the Federal Rules of
Civil Procedure in the anti-trust context.  550 U.S. 544 (2007).
The Supreme Court stated that Rule 8 of the Federal Rules of
Civil Procedure "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action," and
that "[f]actual allegations must be enough to raise a right to
relief above the speculative level."  Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court

6

clarified that the principles announced in <u>Twombly</u> are applicable
in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated
that "the pleading standard Rule 8 announces does not require
'detailed factual allegations,' but it demands more than an
unadorned, the-defendant-unlawfully-harmed-me-accusation."  <u>Id.</u>
at 1949 (citing <u>Twombly</u>, 550 U.S. at 555).  To survive a motion
to dismiss, a complaint must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible on
its face.  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570).  A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged.  <u>Id.</u> (citing
<u>Twombly</u>, 550 U.S. at 556).  The plausibility standard is not akin
to a "probability requirement," but it asks for more than a sheer
possibility that a defendant has acted unlawfully.  <u>Id.</u> (quoting
<u>Twombly</u>, 550 U.S. at 556).  Where a complaint pleads facts that
are "merely consistent with" a defendant's liability, it "stops
short of the line between possibility and plausibility of
'entitlement to relief.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S.
at 557).

     The complaint "must contain sufficient allegations of
underlying facts to give fair notice and to enable the opposing
party to defend itself effectively" and "must plausibly suggest
an entitlement to relief, such that it is not unfair to require

the opposing party to be subjected to the expense of discovery and continued litigation." AE ex. rel Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

### I.   SUBJECT MATTER JURISDICTION

Subject matter jurisdiction is conferred on federal courts either through federal question jurisdiction pursuant to 28 U.S.C. § 1331 or through diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

#### A.   Federal Question Jurisdiction

A plaintiff properly invokes federal question jurisdiction by pleading a colorable claim arising under the Constitution or laws of the United States.  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086-87 (9th Cir. 2009).

Plaintiffs' Complaint does not contain allegations of a violation arising under the Constitution, laws, or treaties of the United States.  Plaintiffs reference the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., in the Complaint. (Complaint at ¶ 54, ECF No. 1).  The Declaratory Judgment Act

does not by itself confer federal subject matter jurisdiction. <u>Nationwide Mut. Ins. Co. v. Liberatore</u>, 408 F.3d 1158, 1161 (9th Cir. 2005). A court must have a basis for federal subject matter jurisdiction independent of the Act to entertain an action under the Declaratory Judgment Act. <u>Guaranty Nat'l Ins. Co. v. Gates</u>, 916 F.2d 508, 511 (9th Cir. 1990).

The Court lacks subject matter jurisdiction based on federal question jurisdiction.

## B. Diversity Jurisdiction

The basis of diversity jurisdiction is found at Title 28 U.S.C. § 1332. Section 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

A natural person's state citizenship is determined by his state of domicile. <u>Lew v. Moss</u>, 797 F.2d 747, 749 (9th Cir. 1986). A person's domicile is his permanent home, where he resides with the intention to remain, or to which he intends to return. <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).

Section 1332(a) requires complete diversity. <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996). In a case with multiple

plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

The burden of establishing that diversity jurisdiction exists rests on the party asserting it.  Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010).

The Complaint contains allegations that provide the Court with subject matter jurisdiction on the basis of diversity. (Complaint at ¶¶ 7-8, ECF No. 1).  The Complaint states that Plaintiffs Mehrdad and Gina Shayefar are both citizens of California.  (Id. at ¶ 1).  The Complaint alleges that each of the three Defendants, Samuel Houpo Kaleleiki, Jr., Von-Alan Hinano Kaleleiki, and Sarah-Therece K. Kaleleiki, are citizens of Hawaii.  (Id. at ¶¶ 3-5).  The Complaint asserts that the amount in controversy exceeds $75,000.  (Id. at ¶ 8).

The Defendants' Motion to Dismiss presents a facial challenge to the Court's subject matter jurisdiction.  The Defendants have not introduced any evidence to contest the allegations in the Plaintiffs' Complaint.  Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009).  Plaintiffs' allegations must be taken as true in considering Defendants' facial attack on the Court's subject matter jurisdiction.  Wolfe v. Strankman, 392

10

F.3d 358, 362 (9th Cir. 2004). There is complete diversity
between the parties based on the allegations in the Complaint.

The Court has subject matter jurisdiction over the
Plaintiffs' Complaint, pursuant to 28 U.S.C. § 1332(a)(1).
Defendants' Motion to Dismiss for lack of subject matter
jurisdiction is **DENIED**.

## II. VENUE

Venue refers to the specific geographic location of the
federal district court that has subject matter jurisdiction to
adjudicate a civil action. 28 U.S.C. § 1390(a). Venue is proper
in a judicial district in which any defendant is a resident of
the State in which the district is located. 28 U.S.C. §
1391(b)(1). Venue is also proper in a judicial district in which
a substantial part of the events giving rise to the claim
occurred, or a substantial part of property that is the subject
of the action is situated. 28 U.S.C. § 1391(b)(2).

Here, venue is proper in the District of Hawaii. All three
Defendants reside in the District of Hawaii. 28 U.S.C. §
1391(b)(1). Venue is also proper because the events giving rise
to the action and the subject property are located in the
District of Hawaii. 28 U.S.C. § 1391(b)(2).

The Defendants argue that venue is improper because the
action should have been filed in state court. Defendants'

argument is a challenge to subject matter jurisdiction, not venue. The Court has subject matter jurisdiction based on diversity, pursuant to 28 U.S.C. § 1332(a)(1).

Defendants' Motion to Dismiss for improper venue is **DENIED**.

## III. FAILURE TO STATE A CLAIM

The Defendants assert that the Plaintiffs have failed to state a claim upon which relief can be granted. The Defendants do not provide specific challenges to the causes of action outlined in Plaintiffs' Complaint.

The Court construes the pleading liberally because the Defendants are proceeding pro se. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

### Count I:        Forcible Entry and Detainer

Count I is labeled "forcible entry and detainer." It should be more properly entitled "trespass." Forcible entry and detainer is defined as "[t]he act of violently taking and keeping possession of lands and tenements without legal authority." <u>Black's Law Dictionary</u>, 674 (10th ed. 2014). An action of forcible entry and detainer is a statutory proceeding, providing a statutory remedy for possession. 35A <u>Am. Jur. 2d Forcible Entry and Detainer</u> § 3. A forcible entry and detainer action is a creature of the legislature and did not exist at common law.

Id. at § 2.

The Plaintiffs concede there is no forcible entry and
detainer statute in Hawaii.  The case the Plaintiffs look to in
support of their action is an action for trespass.  Rego v.
Bergstrom Music Co., Ltd., 26 Haw. 407, 1922 WL 2085, *1 (Haw.
1922).

Here, the Court construes Plaintiffs allegations in Count I
as a cause of action for trespass.

A trespass occurs when a person "intentionally (a) enters
land in the possession of the other, or causes a thing or third
person to do so, or (b) remains on the land, or (c) fails to
remove from the land a thing which he is under a duty to remove."
Freeland v. Cnty. of Maui, Civ. No. 11-00617ACK-KSC, 2013 WL
6528831, *23 (D. Haw. Dec. 11, 2013) (quoting Restatement
(Second) of Torts § 158)).

Plaintiffs' Complaint contains sufficient factual
allegations to state a claim for trespass against Defendants
Samuel Houpo Kaleleiki, Jr. ("Defendant Samuel Kaleleiki, Jr.")
and Von-Alan Hinano Kaleleiki ("Defendant Von-Alan Kaleleiki").
The Complaint asserts that Defendants Samuel Kaleleiki, Jr. and
Von-Alan Kaleleiki entered land owned by Plaintiffs by force and
without authorization in December 2013.  (Complaint at ¶¶ 16-17,
44-45, ECF No. 1).  Plaintiffs allege Defendants Samuel
Kaleleiki, Jr. and Von-Alan Kaleleiki have placed physical

obstructions in the subdivision's common areas and caused damage. (Id. at 18-20, 24).  Plaintiffs assert they have asked Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki to leave their property and to remove the obstructions to their land, but the Defendants have refused.  (Id. at ¶¶ 17, 22, 25).

Defendants' Motion to Dismiss Count I is **DENIED**.  Plaintiffs have stated a claim for trespass against Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki.

**Count II:      Quiet Title**

Hawaii Revised Statute § 669-1(a) provides a cause of action for quiet title.  The statute states that an "[a]ction may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim." H.R.S. § 669-1(a).

Plaintiffs allege that they are the sole owners of Lot 32 in the Ukumehame agricultural subdivision located on Maui. (Complaint at ¶ 11-12, ECF No. 1).  Plaintiffs assert that they recorded a warranty deed for Lot 32, dated January 10, 2008, in the State of Hawaii Bureau of Conveyances, as Document No. 2008-004218.  (Id. at ¶ 11).

Plaintiffs allege the Defendants have adversely claimed an interest in land in the Ukumehame subdivision that includes Lot

14

32 and common areas.  (Id. at ¶¶ 34-35).  Plaintiffs assert that

on February 4, 2014, Defendant Samuel Kaleleiki, Jr. recorded a

quitclaim deed in the State of Hawaii Bureau of Conveyances as

Document No. A-51480946.  (Id. at ¶ 34; Ex. B, Defendant's

Quitclaim Deed, ECF No. 1).  The Complaint alleges Defendant

Samuel Kaleleiki, Jr. attempted to convey his interest in Lot 32

to Defendants Von-Alan Kaleleiki and Sarah-Therece K. Kaleleiki,

pursuant to the quitclaim deed.  (Id.)  The Complaint asserts

that Defendants Samuel Kaleleiki, Jr., Von-Alan Kaleleiki, and

Sarah-Therece K. Kaleleiki claim interest in the subject property

without a legal basis.  (Id. at ¶ 52).

Defendants' Motion to Dismiss Count II for quiet title is

**DENIED**.  Plaintiffs have stated a claim for quiet title against

Defendants Samuel Kaleleiki, Jr., Von-Alan Kaleleiki, and Sarah-

Therece K. Kaleleiki.

### Count III:      Conversion

Conversion is a common law cause of action.  The Supreme

Court of the Territory of Hawaii explained conversion as:

> [A]ny distinct act of dominion wrongfully exerted over
> another's personal property in denial of or
> inconsistent with his rights therein, such as a
> tortious taking of another's chattels, or any wrongful
> exercise or assumption of authority, personally or by
> procurement, over another's goods, depriving him of the
> possession permanently or for an indefinite time.
>
> Tsuru v. Bayer, 25 Haw. 693, 696, 1920 WL 830, at *2 (Haw.

1920). The elements of a conversion claim have been enumerated as: (1) a taking from the owner without his consent; (2) an unwarranted assumption of ownership; (3) an illegal use or abuse of the chattel; and, (4) a wrongful detention after demand. Freddy Nobriga Enterprises v. State of Hawaii, Dep't of Hawaiian Homelands, 295 P.3d 993, 999 (Haw. App. 2013) (quoting Tsuru, 25 Haw. at 696).

Plaintiffs' Complaint sufficiently states a claim for conversion. First, the Complaint asserts that Plaintiffs own the Ukumehame potable water system as a result of their membership in the Homeowners' and Water Associations. (Complaint at ¶¶ 12-13, 15, 56-57, ECF No. 1). The Complaint alleges that since December 2013, Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki have taken potable water from the Ukumehame subdivision without consent. (Id. at ¶ 58).

Second, the Complaint states that Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki assumed ownership of the water when they tapped into, diverted, and consumed water from the Ukumehame subdivision. (Id. at ¶¶ 26, 56-58).

Plaintiffs claim that Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki have interfered with the subdivision's potable water by obstructing the employees of Pural Water Specialty Co. from accessing the water system. (Id. at ¶¶ 30-33). The Complaint asserts that Defendants Samuel Kaleleiki, Jr. and Von-

16

Alan Kaleleiki made threats of physical violence to Pural Water Specialty Co.'s employees when they attempted to treat and maintain the water system.  (Id.)

Third, Plaintiffs claim that Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki illegally took the chattel of potable water.  (Id. at ¶ 58).  Water rights are often considered real property interests, not personal property.  California v. Kinder Morgan Energy Partners, L.P., 2013 WL 314825, *17 (S.D. Cal. Jan. 25, 2013) (citing Locke v. Yorba Irrigation Co., 217 P.2d 425, 429 (Cal. 1950)).  Water transforms into personal property that is subject to conversion when, as alleged here, it is reduced to possession and control within pipes and made potable.  Strawberry Water Co. v. Paulsen, 207 P.3d 654, 660 (Az. App. 2008).

Fourth, the Complaint asserts that Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki have continued to divert and possess water despite the Plaintiffs' demands.  (Complaint at ¶¶ 25, 29, ECF No. 1).

Defendants' Motion to Dismiss Count III for conversion is **DENIED**.  Plaintiffs have stated a claim for conversion against Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki.

**Count IV:        Ejectment**

Under Hawaii law, a claim for ejectment requires the plaintiff to demonstrate that he has ownership and title to the

17

property occupied by the defendant.  <u>Kondaur Capital Corp. v.</u>

<u>Matsuyoshi</u>, 2014 WL 895025, *6, (Haw. App. Mar. 7, 2014) (citing

<u>State by Price v. Magoon</u>, 858 P.2d 712, 718-19 (Haw. 1993)).  A

plaintiff must recover upon the strength of his own title and not

upon any weakness in the defendant's title.  <u>Fong Hing v. O.</u>

<u>Yamaoka</u>, 31 Haw. 436, 1930 WL 2890, at *1 (Haw. 1930).

The Complaint asserts that Plaintiffs have ownership and

title to Lot 32 and the common areas in the Ukumehame

agricultural subdivision.  (Complaint at ¶¶ 61-63, ECF No. 1).

Plaintiffs claim that they have superior title, and deny the

Defendants have a legal basis for title to the property.  (<u>Id.</u> at

¶¶ 64-66).  The Complaint alleges that Defendants Samuel

Kaleleiki, Jr. and Von-Alan Kaleleiki continue to occupy the

Ukumehame property despite requests from the Plaintiffs to leave.

(<u>Id.</u> at ¶¶ 22, 25, 64-66).

Defendants' Motion to Dismiss Count IV for ejectment is

**DENIED**.  Plaintiffs have stated a claim for ejectment against

Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki.

**Count V:        Preliminary Injunction/Permanent Injunction**

Count V is labeled Preliminary Injunction/Permanent

Injunction.  It is a request for a form of relief and not a cause

of action.

A plaintiff seeking a preliminary injunction must establish:

18

(1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. <u>Winter v. Natural Res. Def. Council</u>, 555 U.S. 7, 20 (2008).

A plaintiff seeking a permanent injunction must demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy at equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. <u>eBay Inc. v. MercExchange, LLC</u>, 547 U.S. 388, 391 (2006).

Plaintiffs may be entitled to a preliminary injunction or a permanent injunction. Plaintiffs may be entitled to an injunction that orders the removal of Defendants and any obstructions from the disputed property and enjoins the Defendants from entering or recording further interest in the subject property, if the Plaintiffs are able to prove the merits of their claims.

Defendants' Motion to Dismiss Count V for preliminary injunction/ permanent injunction is **DENIED**.

**Count VI:        Slander of Title**

Under Hawaii law, the following elements are required to establish a claim for slander of title: (1) ownership of or interest in the property by the plaintiff; (2) falsity of the words published; (3) malice of the defendant in publishing the false statements; (4) publication to some person other than the owner; (5) publication in disparagement of plaintiff's property or the title to it; and (6) special damages proximately resulting from such publication.  <u>Isobe v. Sakatani</u>, 279 P.3d 33, 42-43 (Haw. App. 2012).

Plaintiffs have sufficiently pled a cause of action for slander of title.  First, the Complaint states that Plaintiffs own Lot 32 and have interest in the common areas of the Ukumehame subdivision.  (Complaint at ¶¶ 11-15, ECF No. 1).

Second, Plaintiffs assert that the Defendants' claims that they have title to Lot 32 and the Ukumehame subdivision common areas are false.  (<u>Id.</u> at ¶¶ 78, 81).

Third, the Complaint alleges that the Defendants acted with malice when they published the false claims.  (<u>Id.</u> at ¶ 82).

Fourth, the Complaint states that the Defendants published their false claims to third parties by recording a quitclaim deed.  Recordation of an unfounded claim of interest in the plaintiff's real property constitutes a publication for a slander of title claim.  <u>Seeley v. Seymour</u>, 237 Cal.App.3d 844, 857 (Cal.

20

App. 1987).

Plaintiffs also assert that the Defendants have published false claims about having title to the property to prospective buyers. (Complaint at ¶¶ 80, ECF No. 1). Plaintiffs do not provide sufficient facts about the content of the communications to prospective buyers and do not identify how the statements were made. <u>Velasco v. Security Nat. Mort. Co.</u>, CV No. 10-00239 DAE-KSC, 2011 WL 2117008, at *8 (D. Haw. May 24, 2011) (dismissing a claim for slander of title claim where the complaint failed to provide sufficient facts about the defendant's alleged false publication).

Fifth, Plaintiffs allege the Defendants' publication of false claims has disparaged the Plaintiffs' title to the property. (Complaint at ¶¶ 37, 83, ECF No. 1).

Sixth, the Complaint asserts that the Defendants' false publication has resulted in special damages to the Plaintiffs and has required the Plaintiffs to incur expenses to negate and counteract the Defendants' false claims. (<u>Id.</u> at ¶¶ 37-39, 84).

Defendants' Motion to Dismiss Count VI for slander of title is **DENIED**. Plaintiffs have stated a claim for slander of title against Defendants Samuel Kaleleiki, Jr., Von-Alan Kaleleiki, and Sarah-Therece K. Kaleleiki.

**Count VII:     Punitive Damages**

Count VII requests a form of relief and does not state a cause of action.

Under Hawaii law, punitive damages are available in tort actions.  <u>Masaki v. Gen. Motors Corp.</u>, 780 P.2d 566, 571 (Haw. 1989).  The Hawaii Supreme Court has explained that in order to be entitled to punitive damages:

> The plaintiff must prove by clear and convincing evidence that the defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences.

<u>Id.</u> at 575; <u>Sheehan v. Grove Farm Co., Inc.</u>, 163 P.3d 179, 194-95 (Haw. App. 2005).

The Complaint states facts in support of the request for punitive damages.  The Complaint alleges that the Defendants have acted intentionally, wantonly, oppressively, and with malice. (Complaint at ¶¶ 86-87, ECF No. 1).  The Complaint contains allegations that the Defendants knew or should of known that they do not have title or ownership of the Ukumehame property.  (<u>Id.</u> at ¶¶ 45, 78).  Plaintiffs assert that the Defendants Samuel Kaleleiki, Jr. and Von-Alan Kaleleiki have obstructed access to subdivision common areas with boulders and caused damage throughout the subdivision.  (<u>Id.</u> at ¶¶ 18-20, 24, 30).  The Complaint alleges the Defendants Samuel Kaleleiki, Jr. and Von-

Alan Kaleleiki have used force and threatened to use force and physical violence when they were asked to leave the property. (Id. at 31-32, 45).

Defendants' Motion to Dismiss Count VII for punitive damages is **DENIED**.

**CONCLUSION**

Defendants' Motion to Dismiss (ECF No. 15) is **DENIED**.


IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, October 7, 2014.



 /s/ Helen Gillmor

Helen Gillmor
United States District Judge

Mehrdad Shayefar; Gina Shayefar v. Samuel Houpo Kaleleiki, Jr.; Von-Alan Hinano Kaleleiki; Sarah-Therece K. Kaleleiki; John Does 1-50; Jane Does 1-50; Doe Corporations 1-50; Doe Partnerships 1-50; Doe Entities 1-50; Doe Governmental Units 1-50; Civ. No. 14-00322 HG-KSC; **ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT WITH PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b) (ECF NO. 15)**