IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Mehrdad Shayefar; Gina Shayefar; <br><br> Plaintiffs, <br><br> vs. <br><br> Samuel Houpo Kaleleiki, Jr.; Von-Alan Hinano Kaleleiki; Sarah-Therece K. Kaleleiki; John Does 1-50; Jane Does 1-50; Doe Corporations 1-50; Doe Partnerships 1-50; Doe Entities 1-50; Doe Governmental Units 1-50; <br><br> Defendants. | Civ. No. 14-00322 HG-KSC |

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS II, IV AND V OF THE COMPLAINT (ECF NO. 29)**

On January 10, 2008, Plaintiffs recorded a warranty deed with the State of Hawaii Bureau of Conveyances for 7.846 acres of undeveloped land located on the island of Maui in the State of Hawaii.

On February 4, 2014, Defendant Samuel Houpo Kaleleiki, Jr. recorded a quitclaim deed as to the same 7.846 acres of land, conveying his interest to his children Defendants Von-Alan Hinano Kaleleiki and Sarah-Therece K. Kaleleiki. Defendants are Native Hawaiians who claim they are direct lineal descendants of the

1

original grantee of the land in dispute. Defendants assert they have inherited the property from their ancestors.

Plaintiffs have filed a Motion for Partial Summary Judgment. Plaintiffs seek summary judgment on three of the seven claims in their Complaint. Plaintiffs seek summary judgment on Count II for quiet title, on Count IV for ejectment, and Count V for remedies including a permanent injunction.

Plaintiffs' Motion for Partial Summary Judgment on Counts II, IV, and V of the Complaint is **DENIED**.

## **PROCEDURAL HISTORY**

On July 14, 2014, Plaintiffs Mehrdad Shayefar and Gina Shayefar filed a Complaint. (ECF No. 1).

On August 14, 2014, Defendants Samuel Houpo Kaleleiki, Jr., Von-Alan Hinano Kaleleiki, and Sarah-Therece K. Kaleleiki, proceeding pro se, filed DEFENDANT'S MOTION TO DISMISS THE PLAINTIFFS COMPLAINT WITH PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b). (ECF No. 15).

On October 6, 2014, a hearing was held on the Defendants' Motion to Dismiss. (ECF No. 22).

On October 7, 2014, the Court issued an ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b). (ECF No. 23). In the Order, the Court ruled that it had subject

matter jurisdiction over Plaintiffs' Complaint, that venue was proper, and that Plaintiffs had stated claims upon which relief could be granted. (Id.)

On January 29, 2015, Plaintiffs filed a MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS II, IV AND V OF THE COMPLAINT. (ECF No. 29).

On the same date, Plaintiffs filed their SEPARATE CONCISE STATEMENT OF FACTS FOR MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS II, IV AND V OF THE COMPLAINT. (ECF No. 30).

On January 30, 2015, Plaintiffs filed an Errata to their Motion for Partial Summary Judgment. (ECF No. 31). The Errata included the electronic signature of Plaintiffs' attorney. (ECF No. 31-1).

On February 2, 2015, the Court issued a briefing schedule for Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 32). Defendants were given until February 26, 2015, to file an Opposition to Plaintiffs' Motion for Partial Summary Judgment. (Id.) Defendants did not file an Opposition by February 26, 2015.

On March 9, 2015, Defendant Von-Alan Hinano Kaleleiki, proceeding pro se, filed a document with various attachments entitled: VON-ALAN H KALELEIKI EXHIBITS "1-PALAPALA SILANUI ROYAL PATON 7017.L.C.A,w 7779. EXHIBITS "2-1839 DECLARATION OF RIGHTS AND CONSTITUTION OF THE HAWAIIAN KINGDOM. EXHIBITS 3-MAUI COUNTY

PLANNING DEPARTMENT, FEA REPORT MAY 10th 2005.  EXHIBITS 4-MAP OF PROJECT SITE UKUMEHAME. EXHIBIT 5-CEDE LANDS TRUST, SECTION 5(F) OF THE ADMISSIONS ACT. EXHIBITS 6-PUBLIC LAW-103-150 APOLOGY BILL. ADDITIONAL EXHIBITS CONTINUATION REQUEST."  (ECF No. 33). In the filing, Defendant Von-Alan Hinano Kaleleiki stated that Defendant Samuel Houpo Kaleleiki, Jr. had died, impacting the other Defendants emotionally and he requested a continuance. (Id.)  Defendant's filing also requested additional time to retain counsel.  (Id.)

On March 12, 2015, the Court issued a Minute Order to address Defendant Von-Alan Hinano Kaleleiki's filing.  (ECF No. 35).  The Court explained that Defendant Von-Alan Hinano Kaleleiki's filing was difficult to understand and could not be construed as an Opposition to Plaintiffs' Motion for Partial Summary Judgment because it failed to comply with Federal Rule of Civil Procedure 56 and District of Hawaii Local Rules 7.4-7.6 and 56.1.  (Id.)  The Court granted the request for a continuance to allow the Defendants time to both secure an attorney and to give the attorney time to prepare an appropriate Opposition to Plaintiffs' Motion for Partial Summary Judgment.  (Id.)

On May 26, 2015, Defendant Von-Alan Hinano Kaleleiki, proceeding pro se, filed DEFENDANT PRO SE VON-ALAN HINANO KALELEIKI'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.  (ECF No. 38).

On June 16, 2015, Plaintiffs filed their Reply. (ECF No. 39).

On June 26, 2015, Defendants Von-Alan Hinano Kaleleiki and Sarah-Therece K. Kaleleiki, proceeding pro se, filed MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT. (ECF No. 41).

On June 29, 2015, a hearing was held on Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 42).

On July 9, 2015, Plaintiffs filed SUGGESTION OF DEATH UPON THE RECORD AS TO SAMUEL HOUPO KALELEIKI, JR. (ECF No. 44).

## BACKGROUND

**The Parties Recorded Deeds for the Property at Issue**

The following facts are undisputed:

On January 10, 2008, Plaintiffs Mehrdad and Gina Shayefar recorded a warranty deed for Tax Map Key No. (2) 4-8-002:104, with the State of Hawaii Bureau of Conveyances. (Warranty Deed, Doc. No. 2008-004218, Tax Map Key No. (2) 4-8-002:104, attached as Ex. WM-1 to the Declaration of William M. McKeon ("McKeon Decl."), ECF No. 30-4). The warranty deed states that it conveys a 7.846 acre lot in the Ukumehame agricultural subdivision from West Maui Investors, LLC to Plaintiffs. (Id.) The lot is described as:

LOT 32, UKUMEHAME AGRICULTURAL SUBDIVISION, PHASE II

BEING PORTIONS OF GRANT 4973 TO WALTER GIFFARD AND
ROYAL PATENT 7017, LAND COMMISSION AWARD 7779, APANA 4
TO KALELEIKI

SITUATED AT UKUMEHAME, LAHAINA, ISLAND OF MAUI, HAWAII
(Id.) (hereinafter "Lot 32").[1]

Plaintiffs obtained title insurance and a litigation guarantee for the Lot 32 property. (Policy of Title Insurance issued by First American Title Insurance Company, dated January 10, 2008, attached as Ex. MS-1 to the Declaration of Mehrdad Shayefar ("Shayefar Decl."), ECF No. 30-2; Litigation Guarantee, dated June 10, 2014, attached as Ex. JK-1 to the Declaration of

---

[1] Lot 32 is described in the recorded warranty deed as follows: "Beginning at the north corner of this parcel of land, being along the east side of Pohaku 'Aeko Street (Roadway Lot R-2) of Ukumehame Agricultural Subdivision, Phase II, the coordinates of said point of beginning referred to Government Survey Triangulation Station 'KILEA' being 4,974.78 feet South of 10,683.21 feet East and thence running by azimuths measured clockwise from true South:

1. 273° 25'         178.20 feet along Lot 31 of Ukumehame Agricultural Subdivision, Phase II to a 3/4" pipe (fnd);
2. 305° 52' 20"     426.13 feet along the Government Land of Ukumehame;
3. 30°  00'         821.85 feet along Lot 33 of Ukumehame Agricultural Subdivision, Phase II;
4. 93°  25'         140.00 feet along the north side of Paeki'i Place (Roadway Lot R-2) of Ukumehame Agricultural Subdivision, Phase II;
5. Thence along the intersection of Paeki'i Place (Roadway Lot R-2) and Pohaku 'Aeko Street (Roadway Lot R-2), on a curve to the right with a radius of 30.00 feet, the chord azimuth and distance being 138°  25'  42.43 feet;
6. 183° 25'         933.64 feet along the east side of Pohaku 'Aeko Street (Roadway Lot R-2), of Ukumehame Agricultural Subdivision, Phase II to the point of beginning and containing an area of 7.846 acres.

Jamie Kaneta, ECF No. 30-8).

On February 4, 2014, Defendant Samuel Houpo Kaleleiki, Jr. ("Defendant Samuel Kaleleiki, Jr.") recorded a quitclaim deed that includes the same Tax Map Key No. (2) 4-8-002:104, along with additional property, with the State of Hawaii Bureau of Conveyances. (Quitclaim Deed, Doc. No. A-51480946, Tax Map Key Nos. (2) 4-8-002:104, (2) 4-8-002:118 &, 90, attached as Ex. WM-4 to the McKeon Decl., ECF No. 30-7). The quitclaim deed states that it conveys Defendant Samuel Kaleleiki, Jr.'s "right, title and interest" to property located in the Ukumehame Agricultural Subdivision, including Lot 32, to Defendant Von-Alan Hinano Kaleleiki ("Defendant Von-Alan Kaleleiki") and Defendant Sarah-Therece K. Kaleleiki ("Defendant Sarah-Therece Kaleleiki"). (Id.)

**Facts in Dispute**

Defendants Von-Alan Kaleleiki and Sarah-Therece Kaleleiki state that Lot 32 is located within a large parcel of land that was awarded to their ancestor by Land Commission Award Number 7779 in 1848. (Def.'s Opp. filed June 26, 2015, at p. 4, ECF No. 41). Defendants claim they are "direct lineal descendants of the original grantee Aleiamai Kaleleiki who fathered Kahaunaele Kaleleiki birth mother of Samuel Kekuaokaalaaualailiahi Houpo Samuel Kaleleiki, father of Hopou Samuel Kaleleiki Jr. father of

7

Von-Alan Hinano Kaleleiki and Sarah Therece K. Kaleleiki." (Id.)

Defendants have represented that none of their ancestors ever sold the land and claim that the Kaleleiki family "has maintained their presence in these lands for all time to present day." (Def.'s Opp. filed on May 26, 2015 at p. 3, ECF No. 38).

**STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party

must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec.

9

Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994). When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); see also National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## **ANALYSIS**

As an initial matter, the district court observes that the Defendants Von-Alan and Sarah-Therece Kaleleiki are proceeding pro se. Defendants have stated that Defendant Samuel Kaleleiki, Jr. has died and a Suggestion of Death was filed. (ECF No. 44).

A pro se litigant's pleadings are construed more liberally than pleadings drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). Leniency toward the pro se litigant is given when he technically violates a procedural rule but "a pro se litigant is not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986).

**Count II:    Quiet Title**

Section 669-1(a) of the Hawaii Revised Statutes provides a cause of action for quiet title. The statute states that an "[a]ction may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim." Haw. Rev. Stat. § 669-1(a).

In an action to quiet title, the burden is on the plaintiff to prove title to the land in dispute. Makila Land Co., LLC, v. Kapu, 156 P.3d 482, 484 (Haw. App. 2006). The plaintiff has the burden to prove either that he has paper title to the property or that he holds title by adverse possession. Maui Land & Pineapple Co., Inc. v. Infiesto, 879 P.2d 507, 512-13 (Haw. 1994).

At the summary judgment stage in a quiet title action, "the burden is on the plaintiff to prove title in and to the land in dispute, and absent such proof, it is unnecessary for the defendant to make any showing." Omerod v. Heirs of Kaheananui, 172 P.3d 983, 1012 (Haw. 2007) (quoting Maui Land & Pineapple, 879 P.2d at 513)).

Plaintiffs seek to quiet title for Lot 32 based on their recorded warranty deed.

**A.    Plaintiffs Claim Title to Lot 32 by Warranty Deed**

Plaintiffs have offered evidence that they recorded a

warranty deed for Lot 32, dated January 10, 2008, with the State of Hawaii Bureau of Conveyances, as Document No. 2008-004218. (Warranty Deed, Doc. No. 2008-004218, Tax Map Key No. (2) 4-8-002:104, attached as Ex. WM-1 to the McKeon Decl., ECF No. 30-4).

The warranty deed states that West Maui Investors, LLC grant and convey Lot 32 to Plaintiffs, as tenants by the entirety. (Warranty Deed at p. 1, ECF No. 30-4).

Plaintiffs also obtained title insurance and a litigation guarantee. (Policy of Title Insurance issued by The Talon Group, dated January 10, 2008, attached as Ex. MS-1 to Shayefar Decl., ECF No. 30-2; Litigation Guarantee, dated June 10, 2014, attached as Ex. JK-1 to the Kaneta Decl., ECF No. 30-8).

Plaintiffs have not provided evidence establishing chain of title to Lot 32. Plaintiffs seek to rely on recitals in the warranty deed for purposes of establishing their proof of title. (Pla.'s Motion for Partial Summary Judgment at pp. 17-18, ECF No. 29-3).

**B.   Defendants Von-Alan and Sarah-Therece Kaleleiki Claim Title to Lot 32 by Inheritance and Quitclaim Deed**

A defendant need not prove that he has perfect title to prevent plaintiff from quieting title at the summary judgment stage. Alexander & Baldwin, Inc. v. Silva, 248 P.3d 1207, 1213-15 (Haw. App. 2011). A defendant may defeat a motion for summary judgment for quiet title by raising a genuine issue of material

12

fact as to which party has superior title.  Id.

            **1.   Defendants' Evidence as to their Title to Lot 32**

Defendants assert that they inherited title to Lot 32 from their Native Hawaiian ancestors.  Defendant Von-Alan Kaleleiki explained in his Declaration that their ancestor was a "konohiki" or person who managed land on behalf of a chief or the king.  (Declaration of Von-Alan Hinano Kaleleiki at ¶¶ 2, 5, 6, ECF No. 38-1).  Defendant stated that King Kamehameha III of the Kingdom of Hawaii conveyed land to Konohiki Kaleleiki in 1843.  (Def.'s Opp. filed May 26, 2015 at p. 2, ECF No. 38).

The Opposition states that Konohiki Kaleleiki received title to land on Maui pursuant to Land Commission Award Number 7779 and Royal Patent Number 7017.  (Id. at p. 3).  Defendants claim Konohiki Kaleleiki paid commutation for the land and received title free and clear.  (Id. at pp. 2-4).  Defendants assert that the land conveyed to Konohiki Kaleleiki pursuant to Land Commission Award Number 7779 and Royal Patent Number 7017, includes the land claimed by Plaintiffs as Lot 32, designated as Tax Map Key No. (2) 4-8-002:104.  (Id. at p. 2-6).

Defendants Von-Alan and Sarah-Therece Kaleleiki state that they are "direct lineal descendants of the original grantee" to the Land Commission Award Number 7779.  (Def.'s Opp. filed June 26, 2015, at p. 4, ECF No. 41).  Defendants claim the land was

never sold and that any title Plaintiffs claim to have been given pursuant to their warranty deed is defective.

Defendants Von-Alan and Sarah-Therece Kaleleiki submitted a number of exhibits in support of their Opposition. Defendants submitted a document titled "Claim 7779" (See Ex. 1 to Def.'s Opp., ECF No. 38-3) in addition to two documents in Native Hawaiian language, purporting to be Land Commission Award Number 7779 conveying land to "Kaleleiki." (See Exs. 6 and 7, attached to Def.'s Opp., ECF Nos. 38-8, 38-9).

Defendants also submitted a document titled "7017 Palapala Sila Niu" in Native Hawaiian language, purporting to be Royal Patent Number 7017, to demonstrate commutation was paid on the land. (See Ex. 10, attached to Def.'s Opp., ECF No. 38-12).

Defendants submitted a number of historical documents in support of their assertion that Konohiki Kaleleiki received title to the property in dispute pursuant to Land Commission Award Number 7779 and Royal Patent Grant Number 7017. (See Copy of Sworn Testimony of the Kings Lands stating "Kaleleiki, sworn, I have seen his land interest in Lahaina and Ukumehame of Wailuku, Maui," attached as Ex. 2 to Def.'s Opp., ECF No. 38-4; Document No. 385 from the Department of Interior of the Hawaiian Kingdom titled "Names of the Lands on Maui, and the Konohikis, and the Amount of the Tenths," attached as Ex. 3 to Def.'s Opp., ECF No. 38-5; Mahele Book pages 103-104, 224-225, attached as Ex. 4 to

14

Def.'s Opp., ECF No. 38-6; Native Testimony of Kamakakehau, attached as Ex. 5 to Def.'s Opp., ECF No. 38-7; Letter from Nahaolelua, dated June 17, 1869, attached as Ex. 8, ECF No. 38-10).

Defendants Von-Alan and Sarah-Therece Kaleleiki claim they currently hold title to Lot 32 because their father, Defendant Samuel Kaleleiki, Jr. conveyed his inherited interest in the property to them. Defendants' claim is supported by the quitclaim deed recorded on February 4, 2014, in the State of Hawaii Bureau of Conveyances that conveyed Defendant Samuel Kaleleiki, Jr.'s interest in Lot 32 to Defendants Von-Alan and Sarah-Therece Kaleleiki. (Quitclaim Deed, Doc. No. A-51480946, Tax Map Key Nos. (2) 4-8-002:104, (2) 4-8-002:118 &, 90, attached as Ex. WM-4 to the McKeon Decl., ECF No. 30-7).

### 2. Defendants' Arguments Regarding their Current Rights Provided by the Kingdom of Hawaii are Foreclosed

Defendants Von-Alan and Sarah-Therece Kaleleiki have made a number of arguments regarding their rights as provided by the Kingdom of Hawaii, rather than the laws of the State of Hawaii.

Both Hawaii state courts and federal courts have found that the Kingdom of Hawaii is not an existing sovereign state. State v. French, 883 P.2d 644, 650 (Haw. App. 1994); United States v. Lorenzo, 995 F.2d 1448, 1456 (9th Cir. 1993).

15

The arguments regarding Defendants' current rights "provided for by Laws of the Hawaiian Kingdom" are foreclosed. (Def.'s Opp. at p. 2, ECF No. 38). The Hawaii Intermediate Court of Appeals has specifically recognized that the laws of the State of Hawaii apply to Native Hawaiians. <u>Nishitani v. Baker</u>, 921 P.2d 1182, 1190 (Haw. App. 1996) ("We reject the first concept—that Defendants, as 'birth descendants of Native Hawaiians,' are not subject to the government and court of the State of Hawaii").

### 3. Defendants Have Raised Genuine Issues of Material Fact Regarding Title to Lot 32

Defendants Von-Alan and Sarah-Therece Kaleleiki have raised genuine issues of material fact regarding the title to Lot 32. Viewing the evidence in a light most favorable to Defendants, there is evidence of the initial land grant to "Kaleleiki," pursuant to Land Commission Award 7779 and Royal Patent Number 7017. Defendants claim they are direct lineal descendants to the original grantee. Defendants allege that the land has never been sold. Plaintiffs have not provided any evidence that the Kaleleiki's ever sold the land. Plaintiffs have not provided evidence of chain of title.

Here, the Court is unable to grant Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs must put forward proof with respect to the superiority of their title to Lot 32. Plaintiffs have not provided any evidence tracing ownership forward from the

16

initial land grant through to Plaintiffs' warranty deed. Alexander & Baldwin, Inc., 248 P.3d at 1213.

Plaintiffs' Partial Motion for Summary Judgment is **DENIED**.

## CONCLUSION

Plaintiffs' Motion for Partial Summary Judgment (ECF No. 29) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 10, 2015.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

Mehrdad Shayefar; Gina Shayefar v. Samuel Houpo Kaleleiki, Jr.; Von-Alan Hinano Kaleleiki; Sarah-Therece K. Kaleleiki; John Does 1-50; Jane Does 1-50; Doe Corporations 1-50; Doe Partnerships 1-50; Doe Entities 1-50; Doe Governmental Units 1-50; Civ. No. 14-00322 HG-KSC; **ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 29)**