IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Mehrdad Shayefar; Gina Shayefar; | ) ) ) | Civ. No. 14-00322 HG-KSC |
| Plaintiffs, | ) ) ) ) ) | |
| vs. | ) ) ) | |
| Von-Alan Hinano Kaleleiki; Sarah-Therece K. Kaleleiki; John Does 1-50; Jane Does 1-50; Doe Corporations 1-50; Doe Partnerships 1-50; Doe Entities 1-50; Doe Governmental Units 1-50; | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

**ORDER GRANTING PLAINTIFFS MEHRDAD AND GINA SHAYEFAR'S REQUEST FOR A WRIT OF POSSESSION AGAINST DEFENDANTS VON-ALAN HINANO KALELEIKI AND SARAH-THERECE K. KALELEIKI FOR THE SUBJECT PROPERTY AND THE COMMON ELEMENTS OF THE UKUMEHAME AGRICULTURAL SUBDIVISION**

On December 22, 2015 the Court issued an Order Granting, In Part, Plaintiffs' Motion for Partial Summary Judgment on Counts II, IV and V of the Complaint.  (ECF No. 68).

**<u>FINDINGS</u>**

1.   The property the subject to this action is identified as Tax Map Key No. (2) 4-8-002:104, LOT 32, UKUMEHAME AGRICULTURAL SUBDIVISION, PHASE II, BEING PORTIONS OF GRANT 4973

TO WALTER GIFFARD AND ROYAL PATENT 7017, LAND COMMISSION AWARD

7779, APANA 4 TO KALELEIKI SITUATE AT UKUMEHAME, LAHAINA, ISLAND

OF MAUI, HAWAII, containing an area of 7.846 acres ("**Subject**

**Property**").[1]

    2.   From the date of Land Commission Award 7779 to

KALELEIKI, title to the Subject Property descends straight and

unbroken to Plaintiffs, as follows:

        a.   Land Commission Award Number 7779 was awarded to
             KALELEIKI on September 22, 1853, comprising Apana
             1 through 4, located in the Ahupuaa of Ukumehame
             on the Island of Maui;

---

    [1] The Subject Property is described in the Plaintiffs'
recorded warranty deed as follows: "Beginning at the north corner
of this parcel of land, being along the east side of Pohaku 'Aeko
Street (Roadway Lot R-2) of Ukumehame Agricultural Subdivision,
Phase II, the coordinates of said point of beginning referred to
Government Survey Triangulation Station 'KILEA' being 4,974.78
feet South of 10,683.21 feet East and thence running by azimuths
measured clockwise from true South:

| | | |
|---|---|---|
| 1. | 273° 25' | 178.20 feet along Lot 31 of Ukumehame Agricultural Subdivision, Phase II to a 3/4" pipe (fnd); |
| 2. | 305° 52' 20" | 426.13 feet along the Government Land of Ukumehame; |
| 3. | 30°  00' | 821.85 feet along Lot 33 of Ukumehame Agricultural Subdivision, Phase II; |
| 4. | 93°  25' | 140.00 feet along the north side of Paeki'i Place (Roadway Lot R-2) of Ukumehame Agricultural Subdivision, Phase II; |
| 5. | | Thence along the intersection of Paeki'i Place (Roadway Lot R-2) and Pohaku 'Aeko Street (Roadway Lot R-2), on a curve to the right with a radius of 30.00 feet, the chord azimuth and distance being 138°  25'  42.43 feet; |
| 6. | 183° 25' | 933.64 feet along the east side of Pohaku 'Aeko Street (Roadway Lot R-2), of Ukumehame Agricultural Subdivision, Phase II to the point of beginning and containing an area of 7.846 acres. |

b.   KALELEIKI died intestate in November 1871 and his estate was probated in the District Court of the Circuit Courts of the Kingdom of Hawaii as Probate Proceeding Number 518.  On September 28, 1874, the final report for Probate Proceeding Number 518 was entered with all of the land that formed part of the KALELEIKI estate divided as follows:

1/2 of the estate to KEOKI;
1/6 of the estate to KAMOKUMAIA;
1/6 of the estate to KAILAKANO;
1/6 of the estate to KAPAHUKEA.

c.   By Warranty Deeds dated December 20, 1880 and January 25, 1881, KEOKI, KAMOKUMAIA, and KAILAKANO conveyed their 5/6 estate interest to HERMANN A. WIDEMANN;

d.   By Deed dated August 19, 1881, HERMANN A. WIDEMANN conveyed the 5/6 estate interest to OLOWALU COMPANY;

e.   By Deed dated October 30, 1896, KAPAHUKEA conveyed her 1/6 estate interest to OLOWALU COMPANY;

f.   By Deed dated December 31, 1931, OLOWALU COMPANY conveyed its entire interest in the land subject to Land Commission Award 7779 to PIONEER MILL COMPANY, LIMITED;

g.   By Deeds dated December 5, 1994, October 26, 1995, and January 21, 2003, PIONEER MILL COMPANY conveyed its interest to a number of entities who in turn obtained the entitlements and approvals necessary to subdivide the land into the Ukumehame Agricultural Subdivision and each conveyed their interest in the land to U. DEVELOPMENT, INC. on December 14, 2005;

h.   By Quitclaim Deed dated January 27, 2006, and amended on February 10, 2006, U. DEVELOPMENT, INC. conveyed its interest to WEST MAUI INVESTORS, LLC;

i.   By Warranty Deed dated January 10, 2008, WEST MAUI INVESTORS, LLC conveyed the Subject Property to Plaintiffs.

3.   Based on the foregoing chain of title, there is a good

and complete chain for the Subject Property as a portion of Land

Commission Award Number 7779 issued to KALELEIKI from 1853 to

Plaintiffs and title to the Subject Property is vested in

Plaintiffs.

4.    Plaintiffs are members of the Ukumehame Homeowners'

Association, Inc. and the Ukumehame Water Association, Inc.

pursuant to the Ukumehame Declaration of Covenants, Conditions

and Restrictions, dated April 20, 2006, recorded in the State of

Hawaii Bureau of Conveyances as Document No. 2006-142662

("Homeowners Association Declaration"), and the Ukumehame Water

Association Declaration of Covenants, dated March 27, 2006,

recorded in the Bureau of Conveyances as Document No. 2006-142664

("Water Association Declaration").

5.    The **Common Areas** of the Ukumehame Agricultural

Subdivision include Roadway Lots R-1, R-2 and R-3 and Road

Easements B and E as set forth in the Homeowners Association

Declaration.  (Homeowners Association Declaration, ECF No. 30-5).

6.    The **Common Facilities** of the Ukumehame Agricultural

Subdivision include two wells, the potable water distribution

systems, the irrigation system, all appurtenances to the Water

System, and all Water System Easements as set forth in the Water

Association Declaration.  (Water Association Declaration, ECF No.

30-6).

7.    The Ukumehame Agricultural Subdivision's **Common Areas**

and **Common Facilities** as defined in paragraphs 5 and 6 are known

as the "**Common Elements**."

8.    Pursuant to the Homeowners Association Declaration and

the Water Association Declaration, Plaintiffs have the express

individual right, as owners of the Subject Property and members

of the Homeowners and Water Associations, to enforce the

covenants, conditions, and restrictions of the Common Elements.

(Homeowners Association Declaration at ¶ 10.01(a), ECF No. 30-5;

Water Association Declaration at ¶ 5.01(a), ECF No. 30-6).

9.    The Defendants have occupied and continue to occupy the

Subject Property and the Common Elements of the Ukumehame

Agricultural Subdivision without permission.

## CONCLUSIONS OF LAW

1.    Based on the foregoing chain of title, Plaintiffs

possess clear and complete title to the Subject Property and are

the sole legal and beneficial owner of the Subject Property.

2.    In addition, Plaintiffs have a valid deed to the

Subject Property.

3.    The basis of Defendants' right to occupy the Subject

Property and the Common Elements was their claimed ancestral

inheritance.  The Court has found that Defendants do not have a

valid legal claim.

4.    Defendants arguments regarding their rights as provided

by the Kingdom of Hawaii, rather than the laws of the State of

Hawaii, have been foreclosed by Hawaii State and federal courts.

Nishitani v. Baker, 921 P.2d 1181, 1190 (Haw. App. 1996).

     5.    There are no genuinely disputed issues of material fact

and Plaintiffs are entitled to judgment as a matter of law as to

their claim in Count II for Quiet Title and their claim in Count

IV for Ejectment.  (Order, ECF No. 68).  Plaintiffs seek a Writ

of Possession for the Subject Property and ejectment of

Defendants from the Subject Property and the Common Elements of

the Ukumehame Agricultural Subdivision as a result.  (ECF No.

77).

     6.    Plaintiffs have invoked their express right, as owners

of the Subject Property, to enforce the covenants, conditions,

and restrictions of the Ukumehame Agricultural Subdivision Common

Elements as stated in the Homeowners and Water Association

Declarations.  (ECF Nos. 30-5, 30-6).

     7.    The Court construes the Homeowners Association

Declaration and the Water Association Declaration according to

their plain and ordinary meanings.  The Court finds the

Declarations provide Plaintiffs with the authority to seek

ejectment of Defendants from the Subject Property and the Common

Elements.  Cummings v. Roth, 221 P.3d 519, *6-*9 (Haw. 2009).

     8.    The Defendants, and all persons claiming through

Defendants, are not permitted to occupy either the Subject

Property or the Common Elements of the Ukumehame Agricultural

Subdivision without permission.  Defendants are ordered to vacate

the Subject Property and the Common Elements of the Ukumehame

Agricultural Subdivision and shall remove all of their

possessions, property, and structures from the Subject Property

and Common Elements on or before May 5, 2016.

**ORDER**

Based on the Court's Findings and Conclusions of Law set

forth above, IT IS **ORDERED** that:

1. A writ and judgment of possession is hereby entered, divesting Defendants, and all persons claiming through Defendants, of occupancy and possession of the Subject Property and the Common Elements of the Ukumehame Agricultural Subdivision;

2. Defendants, and anyone claiming through Defendants, shall remove all of their possessions, property, and structures from the Subject Property and the Common Elements forthwith;

//

//

//

//

//

//

//

//

//
3.  In the event Defendants do not remove all of their
    possessions, property, and structures from the Subject
    Property and the Common Elements on or before May 5,
    2016, Plaintiffs are authorized to remove Defendants'
    possessions, property, and structures.


IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 12, 2016.



_____

Helen Gillmor
United States District Judge

Mehrdad Shayefar; Gina Shayefar v. Von-Alan Hinano Kaleleiki;
Sarah-Therece K. Kaleleiki; John Does 1-50; Jane Does 1-50; Doe
Corporations 1-50; Doe Partnerships 1-50; Doe Entities 1-50; Doe
Governmental Units 1-50; Civ. No. 14-00322 HG-KSC; **ORDER GRANTING
PLAINTIFFS MEHRDAD AND GINA SHAYEFAR'S REQUEST FOR A WRIT OF
POSSESSION AGAINST DEFENDANTS VON-ALAN HINANO KALELEIKI AND
SARAH-THERECE K. KALELEIKI FOR THE SUBJECT PROPERTY AND THE
COMMON ELEMENTS OF THE UKUMEHAME AGRICULTURAL SUBDIVISION**